IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,880






EX PARTE TROY FRANKLIN LONG III, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F14217 IN THE 276TH DISTRICT COURT


FROM MARION COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to twenty years' imprisonment. 

 Applicant contends that his counsel rendered ineffective assistance because he failed to
timely file a notice of appeal. 

 The trial court has determined that Applicant was deprived of his right to pursue a direct
appeal through no fault of his own. The State agrees. We find that Applicant is entitled to the
opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. F14217 from
the 276th District Court of Marion County. Ex parte Riley, 193 S.W.3d 900 (Tex. Crim. App. 2006).
Applicant is ordered returned to that time at which he may give a written notice of appeal so that he
may then, with the aid of counsel, obtain a meaningful appeal. It appears that the trial court has
appointed Applicant appellate counsel. If this is not the case, within ten days of the issuance of this
opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and
wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent
Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed
on the date on which the mandate of this Court issues. We hold that, should Applicant desire to
prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court
within 30 days after the mandate of this Court issues.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division. 


Delivered: September 12, 2012

Do not publish